Sebastiano P. Occhino, Esq. Town Attorney, Rotterdam
You have asked several questions relating to the authority of the town superintendent of highways to hire employees of the town highway department.
Section 140(4) of the Highway Law assigns to the town superintendent of highways the responsibility:
 "4. Within the limits of appropriations employ such persons as may be necessary for the maintenance and repair of town highways and bridges, and the removal of obstructions caused by snow, subject to the approval of the town board, and provide for the supervision of such persons."
The language "subject to the approval of the town board" used in this subdivision has been construed as referring to the maintenance and repair of highways and not to the employment of persons (see our enclosed informal opinion No. 82-38). Under this provision, the town superintendent of highways has full responsibility to employ persons involved in the maintenance and repair of, and clearance of snow from, town highways and bridges (ibid.). It necessarily follows that he may also fill vacancies in such positions. The town board has the responsibility to appoint town officers and employees "except as otherwise provided by law" (Town Law, § 20[1]). Under this provision, the town board would hire those employees of the town highway department who are not involved in such maintenance, repair and clearance.
You also ask whether the town superintendent of highways has the authority to hire full or part time employees whose salaries are not provided for in the town budget. The law specifically provides that the authority of the town superintendent of highways to employ persons is restricted by the limits of appropriations for such purpose (Highway Law, § 140[4], quoted, supra). (See also Article 8 of the Town Law, which deals with town finances.)
You have also asked whether employees of the town highway department employed by the town superintendent of highways are entitled to civil service status. Under the State Constitution appointments and promotions in the civil service of the civil divisions of the State are required to be made according to merit and fitness to be ascertained, as far as practicable, by competitive examination (NY Const, Art 5, § 6). Section 44 of the Civil Service Law implements this provision of the Constitution by establishing the competitive class of the civil service, which includes all positions for which it is practicable to determine merit and fitness by competitive examination. The other classifications of employees are the exempt class (id., § 41), the non-competitive class (id., § 42) and the labor class (id., § 43). It is the responsibility of the local civil service commission or personnel officer to determine, based on the functions and duties of a particular position, the classification that is appropriate (id., §§ 17 and 22).
We conclude that the town superintendent of highways has responsibility for the hiring of employees of the town highway department involved in repair and maintenance of, and clearance of snow from, town highways and bridges. The town board has the responsibility of filling other positions in the town highway department. The authority of the town superintendent of highways to hire employees is subject to budgetary limitations. The local civil service commission or personnel officer has the responsibility of determining the civil service classification of employees in the town highway department.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.